---

## In re CORN.

(Circuit Court of Appeals, Second Circuit. June 14, 1910.)

### No. 264.

BANKRUPTCY (§ 304*)—LIENS—EFFECT OF INSTRUMENT.

On petition to require a receiver in bankruptcy to turn chattels over to petitioner, an auctioneer, under a claimed lien, it was improper to summarily dispose of an instrument as not giving a lien, where it recited receipt of a sum of money by the bankrupt from the petitioner as an advance on the chattels, and that petitioner was to sell the chattels at public auction and pay the proceeds to the bankrupt, less a commission and expenses and such advance, since evidence that, under the agreement as the parties construed it, petitioner took immediate possession of the chattels in good faith to sell them, might result in a finding that he was entitled to hold them or their proceeds to secure repayment of the advance.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 304.*]

Petition to Review Order of the District Court of the United States for the Southern District of New York.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In the matter of Robert Corn, bankrupt. On petition by Frank Walker to review an order of the district court. Order reversed.

Philip Cohen (M. Spencer Bevins, of counsel), for petitioner.

Hastings & Gleason (Mervyn Mackenzie, of counsel), for respondent.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

PER CURIAM. Petitioner is a licensed auctioneer, whom the alleged bankrupt, prior to the filing of petition in bankruptcy, had engaged to sell certain of his chattels at auction. The sworn petition of Walker asserts that at the time this arrangement was made he advanced to Corn the sum of $600, taking as security for such advance the articles thus to be sold. The receiver in reply to the petition submitted the following receipt:

"Received from Frank Walker the sum of $600.00 (six hundred dollars), as advance on all fixtures, cabinets, jewelers' materials, one Diebold safe No. 37, roll-top desk, showcases, counters, cabinets with crystals, electric fans, now my own personal property, contained in the second story loft room 27, in premises 37 Maiden Lane. Said Walker is to sell the above chattels at public auction on Monday, November 15, 1909, at 10:30 a. m. and Walker is to receive ten (10%) per cent. commission and advertising expenses, and all moneys left after deducting these moneys advanced and commission, balance Walker is to turn to Robert Corn, the above to be free of all chattels or incumbrances.
                                                                 "R. Corn."

Thereupon the District Judge filed the following memorandum:

"I think the instrument, a copy of which is annexed to Mr. Mackenzie's affidavit, did not give Mr. Walker a lien on the property. He loaned $600 to be repaid out of the sale. No sale having taken place, he remains a general creditor. If the instrument had created an apparent lien, the circumstances of the transaction are so suspicious that an investigation would have been necessary."

The record before us seems to indicate that a sale did in fact take place. We are not inclined to agree with the conclusion that this instrument was wholly inoperative to create a lien. Evidence that under this agreement, as the parties construed it, the auctioneer took immediate possession of the property in good faith for the purposes of sale, might result in a finding that he was entitled to hold it or its proceeds to secure repayment of his advance of part of the purchase price. We think petitioner should have been given an opportunity to establish the averment of his petition by competent proof, and that the question should not have been thus summarily disposed of.

The order is reversed.